FILED'10 MAR 16 07:44USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

RENE REDONDO-LEIVA,

    Petitioner,

v.

MARK NOOTH,

    Respondent.

Civil No. 08-1105-PA

OPINION AND ORDER

Ryan Scott
Law Office of Ryan Scott
121 SW Salmon Street, Suite 1100
Portland, OR 97204

    Attorney for Petitioner

John R. Kroger
Attorney General
Summer R. Gleason
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of his underlying state court convictions for three counts of Rape in the First Degree and one count of Sexual Abuse in the First Degree. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#19) is denied.

## BACKGROUND

In 2001, petitioner's daughter disclosed to her mother that petitioner had been sexually abusing her. According to the victim's testimony, petitioner had been having sexual intercourse with her once a week from the time she was nine years of age until she was 13 years old. Respondent's Exhibit 103, p. 60. Petitioner ultimately admitted the abuse to his wife when she confronted him, and he admitted to investigating officers that he had engaged in sexual intercourse with his daughter on three occasions over the prior two years, and that he had engaged in improper touching on another occasion. Respondent's Exhibit 103, pp. 42, 99-102; Respondent's Exhibit 116.

Petitioner was charged with three counts of Rape in the First Degree and one count of Sexual Abuse in the First Degree. Respondent's Exhibit 102. The indictment charged all incidents as occurring between October 1, 1998 and October 31, 2001. *Id.* A jury convicted petitioner of all counts, and the court sentenced

2 - OPINION AND ORDER

petitioner to 100 months imprisonment on each of the Rape convictions, and to 75 months imprisonment on the Sexual Abuse conviction. Respondent's Exhibit 101. The court ordered that the sentences for the first two Rape convictions run consecutively, with all other sentences to be served concurrently. Respondent's Exhibit 104.

Petitioner took a direct appeal, but the Oregon Court of Appeals affirmed the trial court without opinion, and the Oregon Supreme Court denied review. *State v. Redondo-Leiva*, 193 Or. App. 823, 94 P.3d 913, *rev. denied*, 337 Or. 556, 101 P.3d 810 (2004).

Petitioner next filed for post-conviction relief ("PCR") in Malheur County where the PCR trial court denied relief on all of his claims. Respondent's Exhibits 117 & 118. The Oregon Court of Appeals summarily affirmed the decision of the lower court, and the Oregon Supreme Court denied review. Respondent's Exhibits 122, 124.

On August 2, 2009, petitioner filed his Amended Petition for Writ of Habeas Corpus in which he raises a single ground for relief: trial counsel rendered ineffective assistance when he failed to object to the imposition of consecutive sentences under the Sixth Amendment right to a jury trial. As a result, petitioner concludes that his continued incarceration violates the Fourteenth Amendment. Amended Petition (#19), p. 3. Respondent asks the

3 - OPINION AND ORDER

court to deny relief on the Amended Petition because the ineffective assistance of counsel claim lacks merit.

## DISCUSSION

### I. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but

4 - OPINION AND ORDER

unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

## II. Analysis

Petitioner asserts that his trial attorney should have objected to the imposition of consecutive sentences in his case because the Sixth Amendment requires the predicate findings for such a sentence to be made by a jury, not a judge. As an initial matter, the Ninth Circuit has concluded that a habeas corpus petitioner cannot prevail on an ineffective assistance of counsel claim arising out of a non-capital sentencing proceeding because there is no clearly established federal law on point. *Davis v. Grigas*, 443 F.3d 1155, 1158 (2006); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir. 2004); *see also Moses v. Payne*, 555 F.3d 742, 754-55 (9th Cir. 2009) (where no Supreme Court decision squarely addresses an issue, § 2254(d)(1) bars relief). However, even assuming that the Supreme Court's traditional test for ineffective assistance of counsel applies to non-capital sentencing proceedings, petitioner is not entitled to relief.

The Supreme Court has established a general two-part test determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009).

5 - OPINION AND ORDER

First, petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 129 S.Ct. at 1420.

In this case, counsel was under no duty to object to the imposition of consecutive sentences because such sentences were properly imposed by the trial court. The U.S. Supreme Court has determined that the Sixth Amendment does not prohibit judges from finding the facts necessary to impose consecutive sentences. *Oregon v. Ice*, 129 S.Ct. 711 (2009). While petitioner attempts to distinguish *Ice* from his case by arguing that *Ice* does not apply to

6 - OPINION AND ORDER

a judge's finding one incident is separate from another (thereby justifying consecutive sentences), *Ice* clearly states that "[t]he decision to impose sentences consecutively is not within the jury function that 'extends down centuries' into the common law." *Id* at 716 (citations omitted). "The historical record demonstrates that the jury played no role in the decision to impose sentences consecutively or concurrently. Rather, the choice rested exclusively with the judge." *Id* (citations omitted). Given this guidance, it is difficult to conclude that counsel was under a duty to object to the judge's imposition of a consecutive sentence.

Petitioner's citations to Oregon state cases which pre-date the Supreme Court's decision in *Ice* are not persuasive. The court also notes that when petitioner raised his ineffective assistance of counsel claim during his state collateral review, the Oregon Court of Appeals specifically cited *State v. Tanner*, 210 Or. App. 70, 150 P.3d 31 (2006) for the proposition that the Sixth Amendment principles of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004) did not apply to findings necessary to impose consecutive sentences in Oregon. Respondent's Exhibit 122. This reflects the state of the law at the time, and counsel cannot be faulted for not crafting a novel argument cutting against the grain of the established legal landscape. "*Strickland* does not mandate prescience, only objectively reasonable advice under prevailing professional norms."

7 - OPINION AND ORDER

*Sophanthavong v. Palmateer*, 378 F.3d 859, 870 (9th Cir. 2004) (citing *Strickland*, 466 U.S. at 690). For all of these reasons, the court concludes that the state court decisions denying relief in this case were neither contrary to, nor an unreasonable application of, clearly established federal law.

### CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#19) is DENIED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 15 day of March, 2010.

_____
Owen M. Panner
United States District Judge

8 - OPINION AND ORDER